FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★   JUL 15 2013   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES OF AMERICA,

-against-

JAMEL WILLIAMS,

Defendant.
----------------------------------------X

OPINION & ORDER
03-CR-795 (SJF)

FEUERSTEIN, J.

Pending before the Court is a *pro se* motion by defendant Jamel Williams ("defendant") seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The government opposes the motion. For the reasons set forth below, defendant's motion is denied.

I.  BACKGROUND

On October 31, 2005, defendant entered a plea of guilty before the Honorable Steven M. Gold, United States Magistrate Judge, to a lesser-included offense of Count Seven (7) of a thirteen (13)-count second superceding indictment charging him with the crime of conspiracy to distribute and possession with the intent to distribute cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). During his plea allocution, defendant admitted, *inter alia*, that from 2001 to 2002, he conspired with others to sell cocaine base in Brooklyn and that he was a member of a racketeering organization that sold more than one and a half (1.5) kilograms of crack cocaine. (P. 23-5).

1

On July 18, 2007, defendant was sentenced by the Honorable David G. Trager,[1] United States District Judge, to a determinate term of imprisonment of two hundred forty (240) months, the then-applicable statutory mandatory minimum sentence, to be followed by a period of supervised release for five (5) years, to run concurrent to a state sentence imposed, and the remaining counts in the second superceding indictment were dismissed as against defendant on the government's motion. Defendant did not appeal his judgment of conviction.

On or about April 10, 2009, defendant moved to reduce his sentence to reflect the time he served pursuant to a judgment in New York State Court. By order dated August 11, 2009, Judge Trager denied defendant's application for a sentence reduction on the basis that the Court "does not have the authority to reduce defendant's sentence" because district courts (a) "do not have the power to give an inmate credit for prior incarceration; that power resides solely in the first instance, with the BOP [Bureau of Prisons]" and (b) "do not have discretion to reduce a sentence below the mandatory minimum fixed by statute in order to give a defendant credit for time served." (Doc. No. 423).

On January 9, 2013, defendant filed the instant motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) to a term of imprisonment of no more than one hundred eighty-eight (188) months. On February 12, 2013, the government filed opposition to defendant's motion. After seeking two (2) extensions of time, defendant filed his "traverse to the government's response" on June 21, 2013.

---

[1] On February 4, 2011, this case was reassigned to the Honorable Brian M. Cogan, United States District Judge. On January 9, 2013, this case was reassigned to the Honorable Carol Bagley Amon, Chief Judge of the United States District Court for the Eastern District of New York. On January 16, 2013, this case was reassigned to me upon Chief Judge Amon's recusal.

II. Discussion

A. The Fair Sentencing Act of 2010

Congress enacted the Fair Sentencing Act ("FSA"), Pub.L. No. 111-220, 124 Stat. 2372, effective August 3, 2010, to reduce the crack-to-powder cocaine disparity from the one hundred-to-one (100-to-1) ratio applicable under the Anti-Drug Abuse Act of 1986, Pub.L. No. 99-570, 100 Stat. 3207, the statute under which defendant was sentenced, to a ratio of eighteen-to-one (18-to-1). See Dorsey v. United States, 132 S. Ct. 2321, 2327, 2329, 183 L. Ed. 2d 250 (2012). Although the FSA's "more lenient penalties * * * apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date," id. at 2331, 2335, the FSA cannot be applied to reduce the sentence of an individual, like defendant, who "was convicted and sentenced before the FSA was enacted." United States v. Diaz, 627 F.3d 930, 931 (2d Cir. 2010); see also United States v. Moore, 503 Fed. Appx. 25 (2d Cir. Nov. 19, 2012) (summary order) (holding that the FSA "cannot be used to reduce the sentences of defendants * * * who were sentenced prior to the Act's August 2010 effective date."); United States v. Humphries, 502 Fed. Appx. 46, 47 (2d Cir. Nov. 9, 2012) ("The FSA does not apply retroactively to defendants who were convicted and sentenced prior to August 3, 2010. * * * The [Supreme] Court's holding [in Dorsey] does not affect offenders who were sentenced before the FSA took effect."); United States v. Glover, 398 Fed. Appx. 677, 680 (2d Cir. Oct. 27, 2010) (holding that since the FSA does not have retroactive effect, courts "must apply the mandatory minimum in effect at the time [the defendant] committed the offense in question.") Accordingly, the FSA's revised Guidelines range has no bearing on defendant's sentence, which was imposed more than three (3) years prior to the FSA's effective date, and the court cannot sentence him to a term of imprisonment less

than the statutory mandatory minimum of two hundred forty (240) months in effect at the time of his conviction and sentencing. See, e.g. Humphries, 502 Fed. Appx. at 47-8. Therefore, defendant's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied.

III. Conclusion

For the reasons set forth above, defendant's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied.

SO ORDERED.

s/ Sandra J. Feuerstein

_____
SANDRA J. FEUERSTEIN
United States District Court

Dated: July 15, 2013
        Central Islip, New York