FILED
CLERK

2:12 pm, Aug 15, 2019

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

    - against -

JAMEL WILLIAMS,

                       Defendant.
-------------------------------------------------------X

**ORDER**
03-CR-795 (SJF)

FEUERSTEIN, J.

Pending before the Court is the *pro se* motion of defendant Jamel Williams ("defendant") seeking to reduce his sentence pursuant to 18 U.S.C. § 3582(c), which is opposed by the government. For the reasons set forth herein, defendant's motion is granted.

I.      Background

On October 31, 2005, defendant was convicted, upon his plea of guilty before the Honorable Steven M. Gold, United States Magistrate Judge, of one (1) count of conspiracy to distribute and possess with the intent to distribute "fifty 50 grams or more" of cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), a lesser-included offense of one (1) count of a thirteen (13)-count second superseding indictment. During his plea allocution, defendant stipulated, *inter alia*, that from 2001 to 2002, he conspired with others to sell cocaine base in Brooklyn, and that he was a member of a racketeering organization that sold more than one and a half (1.5) kilograms of crack cocaine. (Doc. No. 194 at p. 23-25).

The government filed a Prior Felony Information ("PFI") pursuant to 21 U.S.C. § 851

1

based upon defendant's prior state conviction for criminal sale of a controlled substance in the third degree in violation of N.Y. Penal Law § 220.39(1). As a result, defendant was subject to a twenty (20)-year statutory mandatory minimum sentence that was applicable at that time under 21 U.S.C. § 841(b)(1)(A).

Pursuant to the United States Sentencing Guidelines Manual ("the Guidelines") effective at the time of defendant's sentencing, defendant's base offense level was thirty-eight (38), based upon a quantity of at least one and a half (1.5) kilograms of crack cocaine. Applying a two (2)-level adjustment for the possession of a firearm during the offense and a three (3)-level reduction for timely acceptance of responsibility, his total offense level was thirty-seven (37). Defendant's criminal history placed him in category III, resulting in an advisory Guidelines range of a term of imprisonment of between two hundred sixty-two (262) to three hundred twenty-seven (327) months.

On July 18, 2007, defendant was sentenced by the Honorable David G. Trager[1], United States District Judge, to a term of imprisonment of two hundred forty (240) months, the then-applicable statutory mandatory minimum sentence based on the amount of cocaine base involved in the offense and defendant's prior state conviction for a felony drug offense, to run concurrently with the term of imprisonment defendant was serving for the related state felony drug conviction, and with credit for time served from May 15, 2002 until July 18, 2007; to be

---

[1] On February 4, 2011, this case was reassigned to the Honorable Brian M. Cogan, United States District Judge. On January 9, 2013, this case was reassigned to the Honorable Carol Bagley Amon, United States District Court Judge. On January 16, 2013, this case was reassigned to the undersigned upon Judge Amon's recusal.

followed by a period of supervised release for five (5) years. The remaining counts in the second superseding indictment were dismissed as against defendant on the government's motion. Defendant did not appeal his judgment of conviction.

On or about April 10, 2009, defendant moved *pro se* to reduce his sentence to reflect the time he served pursuant to the state conviction. By order dated August 11, 2009, Judge Trager denied defendant's application for a sentence reduction on the basis that the Court "does not have the authority to reduce defendant's sentence" because district courts do not have (a) "the power to give an inmate credit for prior incarceration; that power resides solely in the first instance, with the BOP [Bureau of Prisons]," nor (b) "discretion to reduce a sentence below the mandatory minimum fixed by statute in order to give a defendant credit for time served." (Doc. No. 423).

On January 9, 2013, defendant filed a motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence to a term of imprisonment of no more than one hundred eighty-eight (188) months on the basis that the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, effective August 3, 2010, increased the amount of crack cocaine necessary to trigger the twenty (20)-year statutory mandatory minimum sentence for a previously convicted felon from fifty (50) grams to two hundred eighty (280) grams (the "FSA Motion"). The government opposed the motion.

By order dated July 15, 2013, this Court denied defendant's FSA Motion, holding, *inter alia*, that since the Fair Sentencing Act "cannot be applied to reduce the sentence of an individual, like defendant, who 'was convicted and sentenced before the FSA was enacted[,]'"

3

(Doc. No. 541 at p. 3) (quoting *United States v. Diaz*, 627 F.3d 930, 931 (2d Cir. 2010)), "the FSA's revised Guidelines range ha[d] no bearing on defendant's sentence, which was imposed more than three (3) years prior to the FSA's effective date," and, therefore, this Court could not sentence him to a term of imprisonment less than the statutory mandatory minimum in effect at the time of his conviction and sentencing. (*Id.* at pp. 3-4) (citing *United States v. Humphries*, 502 F. App'x 46, 47-48 (2d Cir. Nov. 9, 2012)).

Following Congress' enactment of the First Step Act of 2018 ("First Step Act" or the "Act"), Pub. L. No. 115-391, 132 Stat. 5194, on December 21, 2018, defendant again moved pursuant to 18 U.S.C. § 3582(c) to reduce his sentence to a term of imprisonment of no more than one hundred eighty-eight (188) months. The government opposes the motion, contending both that defendant is not eligible for a sentence reduction under the First Step Act, and that, in any event, no reduction of defendant's sentence is warranted in this case.

II. Discussion

Section 404(b) of the First Step Act, entitled "Defendants Previously Sentenced," provides, in relevant part, that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. 115-391, 132 Stat. 5194, 5222 (2018). Section 404(a) defines the term "covered offense" to mean "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010

4

(Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." Pub. L. 115-391, 132 Stat. 5194, 5222. Thus, Section 404 of the First Step Act authorizes retroactive application of Sections 2 and 3 of the Fair Sentencing Act to defendants who were sentenced for crack cocaine offenses committed prior to August 3, 2010. *See United States v. Wiseman*, --- F.3d ---, 2019 WL 3367615, at * 3 (6th Cir. July 26, 2019) ("Section 404 of the Act makes retroactive only certain statutory changes pertaining to threshold crack cocaine weights triggering mandatory minimum sentences that were enacted under the [FSA]."); *United States v. Williams*, No. 03-cr-1334, 2019 WL 2865226, at * 2 (S.D.N.Y. July 3, 2019) ("The First Step Act of 2018 'made retroactive the crack cocaine minimums in the Fair Sentencing Act.'" (quoting *United States v. Rose*, 379 F. Supp. 3d 223, 227 (S.D.N.Y. 2019))).

"Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B)[,]" *United States v. Timmons*, No. 3:04-cr-00092, 2019 WL 3767473, at *1 (W.D. Va. Aug. 9, 2019); *see also United States v. Martinez*, No. 04-cr-48-20, 2019 WL 2433660, at * 3 (S.D.N.Y. June 11, 2019), *appeal filed*, No. 19-1736 (2d Cir. June 12, 2019), which provides, in relevant part:

> "The court may not modify a term of imprisonment once it has been imposed except that-- . . . in any case—the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure . . . ."

18 U.S.C. § 3582(c)(1)(B).

"[T]he First Step Act grants a district judge limited authority to consider reducing a sentence previously imposed. The calculations that had earlier been made under the Sentencing Guidelines are adjusted 'as if' the lower drug offense sentences were in effect at the time of the

5

commission of the offense. That is the only explicit basis stated for a change in the sentencing." *United States v. Hegwood*, --- F.3d ---, 2019 WL 3729590, at * 4 (5th Cir. Aug. 8, 2019). "The express back-dating only of Sections 2 and 3 of the Fair Sentencing Act of 2010 — saying the new sentencing will be conducted 'as if' those two sections were in effect 'at the time the covered offense was committed' — supports that Congress did not intend that other changes were to be made as if they too were in effect at the time of the offense." *Id.*

This Court will follow the persuasive reasoning of the majority of district court cases in this Circuit finding that a defendant is eligible for relief under the First Step Act based upon his offense of conviction, as opposed to his actual conduct, *see, e.g. Rose*, 379 F. Supp. 3d at 228-31 (rejecting the government's arguments that eligibility should be assessed on the basis of the defendants' actual conduct, rather than the statute of conviction); *Williams*, 2019 WL 2865226, at * 2 ("It is the statute of conviction, rather than a defendant's actual conduct, that determines a defendant's eligibility under the First Step Act"), including the decisions of the Honorable Edward R. Korman and Brian M. Cogan, United States District Court Judges, granting relief under the First Step Act to two (2) of defendant's co-defendants in *United States v. Jerome Martin*, No. 03-cr-795, 2019 WL 2571148 (E.D.N.Y. June 20, 2019), and *United States v. Jerrod Martin*, No. 03-cr-795, 2019 WL 1558817 (E.D.N.Y. Apr. 10, 2019), *vacated on other grounds* (E.D.N.Y. Apr. 22, 2019)[2], respectively.

---

[2] By order dated April 20, 2019, Judge Cogan, *inter alia*, vacated his order granting the motion of defendant's co-defendant, Jerrod Martin, for a sentence reduction under the First Step Act, and denied the motion as moot, upon learning that Mr. Martin had already completed the sentence Judge Trager had imposed prior to filing the motion. (Doc. No. 624). By order dated May 28, 2019, Judge Cogan denied Mr. Martin's motion for reconsideration of his April 20, 2019 order. (Doc. No. 635). Mr. Martin has appealed both orders. (Doc. No. 642).

As relevant here, Section 2 of the Fair Sentencing Act, *inter alia*, amended subparagraph (A)(iii) of Section 401(b)(1) of the Controlled Substances Act, 21 U.S.C. § 841(b)(1)(A)(iii), by increasing the threshold quantity of cocaine base required to impose the mandatory minimum sentences thereunder from fifty (50) grams to two hundred eighty (280) grams, Pub. L. 111-220, 124 Stat. 2372 (2010), thereby decreasing the statutory penalties for violations of 21 U.S.C. § 841(a)(1)-- and, by extension, 21 U.S.C. § 846, *i.e.*, defendant's offense of conviction[3]-- involving between fifty (50) and two hundred seventy-nine (279) grams of cocaine base.[4] Accordingly, had Section 2 of the Fair Sentencing Act been in effect at the time of defendant's sentencing on July 18, 2007, the quantity of cocaine base charged in the indictment, *i.e.*, "fifty grams or more," together with defendant's prior felony drug conviction, would have triggered a ten (10)-year statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(iii) (2010), rather than a twenty (20)-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(iii) (2010). Since defendant was convicted of violating a criminal statute, the statutory penalties for which were reduced by Section 2 of the Fair Sentencing Act, prior to August 3, 2010, his offense was a "covered offense" within the meaning of Section 404 of the First Step Act and, thus, he is

---

[3] Section 406 of the Controlled Substances Act provides: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846. Accordingly, Section 2 of the Fair Sentencing Act modifies the statutory penalties, *inter alia*, both for distributing or possessing with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), and for conspiracy to distribute or possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846.

[4] Section 3 of the FSA, which "eliminated a mandatory minimum sentence for simple possession of cocaine base[,]" *Hegwood*, 2019 WL 3729590, at * 4, is not relevant to this case.

eligible for relief thereunder.[5] *See, e.g. Williams*, 2019 WL 2865226, at * 3.

Having found that defendant is eligible for a reduction in sentence, the Court must next consider whether, in its discretion, such relief is warranted under the particular circumstances of this case. In doing so, the Court agrees with those cases finding it appropriate to consider all applicable factors under 18 U.S.C. § 3553(a), as well as defendant's post-sentencing conduct while in prison. *See, e.g. Williams*, 2019 WL 2865226, at * 3; *Martin*, 2019 WL 2571148, at * 3; *Martinez*, 2019 WL 2433660, at * 3; *Rose*, 379 F. Supp. 3d at 231-33.

At sentencing, Judge Trager imposed the mandatory minimum sentence of two hundred forty (240) months, which was below the then-applicable Guidelines range of two hundred sixty-two (262) to three hundred twenty-seven (327) months, to run concurrently with the sentence imposed for defendant's state conviction. Under today's Sentencing Guidelines, defendant's base offense level would be thirty-two (32)-- based upon a quantity of at least eight hundred forty (840) grams, but less than 2.8 kilograms of cocaine base-- instead of thirty-eight (38). *See* U.S.S.G. §§ 2D1.1(a)(5) and (c)(4). Accordingly, defendant requests that this Court impose a reduced sentence of a term of imprisonment of one hundred eighty-eight (188) months.

---

[5] However, to the extent defendant seeks relief under Section 401 of the First Step Act, which reduces and restricts enhanced sentencing for prior drug felonies, *inter alia*, by amending Section 401(b)(1)(A) of the Controlled Substances Act, 21 U.S.C. § 841(b)(1)(A), in relevant part, to reduce the mandatory minimum sentence applicable to defendants previously convicted of a drug offense and change the qualifying predicate offense from any "felony drug offense" to, *inter alia*, a "serious drug felony," as defined therein, *see* Pub. L. No. 115-391, § 401(a), 132 Stat. 5194, 5220 (2018), that provision does not apply retroactively to individuals, like defendant, who were sentenced prior to its enactment. *Id.*, § 401(c), 132 Stat. 5194, 5221 ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."); *e.g. United States v. Pierson*, 925 F.3d 913, 927-28 (7th Cir. 2019) ("[T]he date of sentencing in the district court controls application of the new, more lenient terms" of Section 401 of the First Step Act).

Since "one of the purposes of the First Step Act is to allow a sentencing court to impose a sentence reduction that reflects a sentence the defendant would have received if the Fair Sentencing Act were in place at the time the crime was committed, a sentence reduction [] is consistent with congressional intent and appropriate in this case." *Martin*, 2019 WL 2571148, at *4 (quotations, alterations and citation omitted). Defendant has already served a substantial prison term beyond both the statutory mandatory minimum sentence and the minimum advisory Guidelines range that would have applied had the Fair Sentencing Act been in effect at the time of defendant's sentencing.[6] Moreover, according to the second addendum to the presentence report, during defendant's lengthy period of incarceration, he has incurred only five (5) disciplinary actions, the last occurring on or about February 27, 2013, approximately six and a half (6 ½) years ago. In addition, he has participated in numerous educational and drug programs and held various work assignments. Those factors weigh in favor of a sentence reduction.

Furthermore, Judge Korman reduced the sentence of one of defendant's co-defendants, who faced a higher Guidelines range than defendant based, in part, upon the co-defendant's aggravating role in the offense, *see* U.S.S.G. § 3B1.1(a), finding that "a sentence of 180 months is 'sufficient, but not greater than necessary,' to comply with the sentencing goals set out in 18

---

[6] Applying all other guideline decisions that were applied when defendant was initially sentenced, *i.e.*, the two (2)-level enhancement for defendant's possession of a firearm and the three (3)-level reduction for his timely acceptance of responsibility, to the new base offense level would reduce defendant's total offense level from thirty-seven (37) to thirty-one (31). At Criminal History Category III, the resulting amended Guidelines range is a term of imprisonment of one hundred thirty-five (135) to one hundred sixty-eight (168) months. According to the government, prior to his sentencing on July 18, 2007, defendant received concurrent credit for the dates between December 4, 2001 and December 14, 2001, and between May 15, 2002 and December 3, 2002, but the remainder of the time he served between May 2002 and his sentence on July 18, 2007 was credited only to a state term of incarceration. (Doc. No. 413). According to probation, the maximum expiration of defendant's sentence is May 3, 2022.

U.S.C. § 3553(a) and consistent with the congressional intent underlying the First Step Act." *Martin*, 2019 WL 2571148, at * 4-5.

The government's speculative claims that the quantity of cocaine base involved in the offense, *i.e.*, one and a half (1.5) kilograms, "would have yielded the same sentence had the FSA been in effect at the time of the original sentencing and had the government prosecuted its case subject to the FSA's requirements;" and that "a contrary result" would lead to disparities "among similarly situated offenders" who were prosecuted and sentenced after the FSA was enacted, are "insufficient to deny relief." *Martin*, 2019 WL 2571148, at *4 (quoting *United States v. Dodd*, 372 F. Supp. 3d 795, 799 (S.D. Iowa 2019)). Accordingly, defendant's motion to reduce his sentence is granted.

III. Conclusion

For the reasons set forth above, defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) and the First Step Act is granted, and this Court imposes a reduced sentence of one hundred eighty-eight (188) months for defendant's federal conviction.

SO ORDERED.

                                  /s/ *Sandra J. Feuerstein*
                                  SANDRA J. FEUERSTEIN
                                  United States District Court

Dated: August 15, 2019
       Central Islip, New York